```
        IN THE UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF ARKANSAS
                   WESTERN DIVISION
```

ELVIRA JOHNSON                                              Plaintiff

v.                          4:09CV00796 JMM/JTK

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                    Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Elvira Johnson, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the

record as a whole and free of legal error. Slusser v. Astrue, 557 F.3d 923, 925 (8th Cir. 2009); Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A); 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3); 1382c(a)(3)(D).

Plaintiff alleged that she was limited in her ability to work by chronic asthma, back problems, migraine headaches and depression and anxiety.  (Tr. 87)   She testified that her problem was

primarily her back. (Tr. 317) The Commissioner found that she was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through May 22, 2008, the date of her decision. (Tr. 20-21) On August 10, 2009, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 3-5) Plaintiff then filed her complaint initiating this appeal. (Docket #1)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 35 years old at the time of the hearing. (Tr. 309) She testified she had obtained her General Equivalency Diploma.[2] Id. She has past relevant work as a material handler, forklift operator and poultry hanger. (Tr. 19, 88-89, 309-16)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in

---

[1] The Hon. Penny M. Smith.

[2] She apparently told one physician she had completed the twelfth grade. (Tr. 126)

substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2007).  If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id. §§ 404.1520(b), 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement.  Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If not, benefits are denied.  Id.  A "severe" impairment significantly limits a claimant's ability to perform basic work activities.  Id. §§ 404.1520(c), 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment.  Id. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If so, and the duration requirement is met, benefits are awarded.  Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made.  Id. §§ 404.1520(a)(4), 416.920(a)(4).  This residual functional capacity assessment is utilized at Steps 4 and 5.  Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work.  Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If so, benefits are denied.  Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded.  Id.

The ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 12) She found that Plaintiff had "severe" impairments, mild disc desiccation in her lumbar spine, chronic obstructive pulmonary disease, migraine headache, anxiety and depression. Id. She found Plaintiff did not have an impairment or combination of impairments that met or equaled a Listing. Id. She judged that Plaintiff's allegations regarding the intensity, persistence and limiting effects of her symptoms limitations were not fully credible. (Tr. 15)

The ALJ found that Plaintiff retained the residual functional capacity for a wide range of light work. (Tr. 14) She determined Plaintiff was unable to perform any of her past relevant work. (Tr. 19) The ALJ correctly noted that, once Plaintiff was determined to be unable to perform her past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that she could perform, given her residual functional capacity, age, education and past work. (Tr. 12) Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, assembler and machine tender. (Tr. 20) Thus, the ALJ concluded that Plaintiff was not disabled. Id.

Plaintiff argues the decision that she was not disabled is not supported by substantial evidence. (Plaintiff's Brief at 11) Plaintiff argument lacks merit. The ALJ's detailed and well-reasoned opinion clearly sets out substantial evidence in support

5

of her determination.  She contends that the ALJ's residual functional capacity determination is more limiting than that of Disability Determination Services doctors and less limiting than that of her treating physician.  While both of those things may be true, the ALJ must determine the claimant's residual functional capacity based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of her limitations.  Tellez v. Barnhart, 403 F.3d 953, 957 (8th Cir. 2005); Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003); McGeorge v. Barnhart, 321 F.3d 766, 768 (8th Cir. 2003); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001). She must also evaluate Plaintiff's credibility.  Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2008).  State agency findings are not binding on the ALJ; it is her function to make a de novo determination of disability.  Highfill v. Bowen, 832 F.2d 112, 115 (8th Cir. 1987); Richardson v. Bowen, 807 F.2d 444, 448 (5th Cir. 1987); see 20 C.F.R. §§ 404.921(a), 416.1421(a).  As will be discussed more fully in the following argument, the ALJ is not bound by the opinion of a treating physician, either.

Plaintiff faults the ALJ for not re-contacting her treating physician.  (Br. 11)  The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision, as it is in this case. E.g., Haley v. Massanari, 258 F.3d 742, 749 (8th Cir. 2001); Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995).

Second, Plaintiff argues that the opinion of Joe Dunaway, D.O., her treating physician, was entitled to controlling weight. (Br. 11-14) On September 8, 2006, Dr. Dunnaway completed a "Lumbar Spine Residual Functional Capacity Questionnaire." (Tr. 130-34) He placed significant limitations on Plaintiff's work activities, including the need for unscheduled work breaks throughout the day[3] and she would miss an average of four days of work a month due to her impairments or treatment (Tr. 133)

First, residual functional capacity checklists, although admissible, are entitled to little weight in the evaluation of disability. E.g., Taylor v. Chater, 118 F.3d 1274, 1279 (8th Cir. 1997); O'Leary v. Schweiker, 720 F.2d 1334, 1341 (8th Cir. 1983); see Wildman v. Astrue, 596 F.3d 959, 964 (8th Cir. 2010)(ALJ properly discounted treating physician's opinion consisting of three checklist forms which cited no medical evidence and provided little to no elaboration); Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)(discounting treating physician's two pages of checked boxes devoid of illuminating examples, descriptions or conclusions).

The ALJ acknowledged Dr. Dunaway's opinions but rejected them for legally sufficient reasons, including the fact that the opinions were inconsistent with his course of treatment of Plaintiff and inconsistent with other evidence of record. See Krogmeier v. Barnhart, 294 F.3d 1019, 1023 (8th Cir. 2002)(treating physician's opinion not entitled to substantial weight unless well

---

[3]He appears to say that she would need to take 15 minute breaks every 20 minutes. (Tr. 132)

supported by medically acceptable clinical and laboratory diagnostic techniques, and consistent with other substantial evidence). The ALJ gave proper weight to Dr. Dunaway's opinions under the circumstances.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this 8th day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE